UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEL UNIFIED SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY HODGES, et al.,<br><br>Defendants. | Case No. 23-cv-00856-PCP<br><br>**ORDER GRANTING JOINT ADMINISTRATIVE MOTION TO LODGE ADMINISTRATIVE RECORD UNDER SEAL**<br><br>Re: Dkt. No. 42 |

Before the Court is a joint administrative motion to lodge the administrative record under seal. This action arises under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*. Pursuant to that statute, Carmel Unified School District appeals a decision of the Office of Administrative Hearings. On November 28, 2023, the parties filed this joint motion, arguing that the underlying administrative record totaling over 3,800 pages is "replete with personally identifiable educational and health information of the minor student, D.H." Dkt. No. 42, at 2. For the following reasons, the Court grants the motion to lodge the administrative record under seal.

**LEGAL STANDARD**

Courts have historically recognized the "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Courts "treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions.

1  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet
2  the high threshold of showing that 'compelling reasons' support secrecy. A 'good cause' showing
3  under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.*" Id.* at
4  1180. The Ninth Circuit recognizes that "the public has less of a need for access to court records
5  attached only to non-dispositive motions because those documents are often unrelated, or only
6  tangentially related, to the underlying cause of action." *Id.* at 1179 (cleaned up).

A "'compelling reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The party seeking to seal must "articulate [] compelling reasons supported by specific findings." *Kamakana*, 447 F.3d at 1178. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. Courts must "conscientiously balance" the public and private interests at stake and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Because the entire administrative record is more than tangentially related to the underlying action, the Court applies the "compelling reasons" standard here.

## ANALYSIS

The parties argue that compelling reasons exist to seal the entire administrative record, as it contains the minor's "pupil records, medical records, and private and confidential information regarding D.H., including personally identifiable pupil information." Dkt. No. 42, at 2. They argue that redaction is not an appropriate means by which to protect this information because of the nature and volume of sensitive information contained therein. *Id.* In support, the parties emphasize that the information contained in these records is generally protected from disclosure under the Family Educational Rights Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 C.F.R. § 300.623; and the California Education Code, Cal. Ed. Code. § 49076. *Id.*

The Court finds that the parties have demonstrated compelling reasons to lodge the entire

record under seal. Courts have routinely found that the private interest in maintaining the confidentiality of such records is sufficient to outweigh the public's interest in access. *See, e.g.*, *Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019), *aff'd*, 826 F. App'x 643 (9th Cir. 2020) ("The Court finds that DHHS has shown a compelling interest in sealing the entire administrative record, as it contains Plaintiff's medical records and private information."); *A.B. ex rel. W.F.B. v. San Francisco Unified Sch. Dist.*, No. C 07-4738 PJH, 2007 WL 2900527, at *1 (N.D. Cal. Oct. 2, 2007) (granting a motion to seal an administrative record containing a minor's "sensitive educational and medication information"); *A.C. v. City of Santa Clara*, No. 13-CV-03276-HSG, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015) (finding that "compelling confidentiality concerns outweigh the presumption of public access" to a minor's medical records and juvenile court records); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) (sealing records sua sponte upon finding that "the need to protect the Patient's confidential medical information outweighs any necessity for disclosure"). For those same reasons, the Court finds that the private interest in maintaining the confidentiality of the minor's records in this case outweighs the public interest in access here. Additionally, the Court agrees that the volume of private information would render redaction an inappropriate and inefficient means of protecting the minor's sensitive and confidential information.

## CONCLUSION

For the foregoing reasons, the Court grants the parties joint administrative motion to lodge the entire administrative record under seal.

**IT IS SO ORDERED.**

Dated: December 20, 2023

P. Casey Pitts
United States District Judge